## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| UNION ASSET MANAGEMENT HOLDING AG, Individually and On Behalf of All Others Similarly Situated,<br><br>                           Plaintiff,<br><br>              v.<br><br>FLUOR CORPORATION, DAVID T. SEATON, CARLOS M. HERNANDEZ, BRUCE A. STANSKI, D. MICHAEL STEUERT, and ROBIN K. CHOPRA,<br><br>                           Defendants. | **Case No.**<br><br>**COMPLAINT – CLASS ACTION**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Union Asset Management Holding AG ("Plaintiff"), by and through its counsel, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, *inter alia*, counsel's investigation, which includes review and analysis of (i) regulatory filings made by Fluor Corporation ("Fluor" or the "Company") with the United States Securities and Exchange Commission ("SEC"); (ii) press releases and media reports issued and disseminated by the Company; (iii) analyst reports concerning the Company and its subsidiaries; (iv) transcripts of Fluor's investor conference calls; and (v) other public information regarding the Company.

## <u>NATURE OF THE ACTION</u>

1.      Plaintiff brings this securities class action (the "Action") against Fluor and certain of the Company's former and current senior executives under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5, promulgated thereunder, on behalf of all investors who purchased or otherwise acquired Fluor common stock between November 2, 2017 and February 14, 2020, inclusive (the "Class Period").

2.      Based in Irving, Texas, Fluor operates, through its subsidiaries, as a global engineering, procurement, construction, and maintenance company that designs, builds and maintains energy and gas facilities for both public and private clients across the globe.

3.      Throughout the Class Period, Defendants inflated Fluor's revenue and earnings by improperly recognizing revenue on 16 separate projects.  Once awarded a contract to perform work on a project, Fluor would routinely submit "change forms" to its clients in which Fluor would request additional funds to cover the Company's cost overruns that resulted from "unforeseen circumstances," funds which the client was not contractually obligated to pay.  When Fluor determined, through its own assessment, that it was "likely" that the client would accept their change order, Fluor would book the additional revenue.  This was contrary to Defendants' assurances to investors that the Company would only recognize revenue from its submission of these change orders if it determined that "recovery of incurred costs is probable and the amounts can be reliably estimated."

4.      Defendants had been secretly utilizing change orders, among other tactics, to improperly inflate the Company's revenue and earnings by recognizing additional revenue on its contracts despite having no reasonable basis to do so.

5.      On May 2, 2019, before the markets had opened, Fluor disclosed to investors that its Chief Executive Officer ("CEO") David T. Seaton had left the Company, effective immediately, and would be replaced by interim CEO and Chief Legal Officer Carlos M. Hernandez.  In addition, Fluor significantly reduced its earnings guidance, and disclosed that the Company was taking over $100 million in charges.

6.      On this news, Fluor's share price fell $9.43 per share, or 24%, closing at $29.72 per share on May 2, 2019.

7.     On August 1, 2019, after the markets had closed, the Company revealed that it would be taking a $714 million pre-tax charge on approximately 16 different projects (the "2Q 2019 Projects"), including incurring a $233 million charge on a project in which Fluor serves as a subcontractor for British Aerospace Engineering Systems, Inc. ("BAE") in its work on the United States Army Radford Army Ammunition Plant (the "Radford Project").

8.     On this news, Fluor's share price fell $8.24 per share, over 26%, closing at $22.67 per share on August 2, 2019.

9.     On February 18, 2020, before the markets opened, the Company revealed that the SEC was investigating Fluor's past accounting and financial reporting, and had requested additional information related to the 2Q 2019 Projects.  In addition, Fluor announced that the Company had also commenced its own internal investigation into the 2Q 2019 Projects, "focusing initially on the Radford [Project]."  As a result of these investigations, Fluor announced that it would not be able to complete and file its Form 10-K on time.

10.     On this news, Fluor's share price fell $4.75 per share, over 24%, closing at $14.79 per share on February 18, 2020.

11.     As a result of Defendants' wrongful acts and omissions, which caused the precipitous decline in the market value of the Company's common stock, Plaintiff and other Class members have suffered significant damages.

## JURISDICTION AND VENUE

12.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

3

13.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act.

14.     Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) and 28 U.S.C. § 1391(b).  Defendants conduct business in this District and a significant portion of the Defendants' actions and misconduct occurred within this District.

15.     In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, and the facilities of the national securities markets.

<u>**PARTIES**</u>

16.     Plaintiff Union Asset Management Holding AG is the parent holding company of the Union Investment Group. The Union Investment Group, based in Frankfurt-am-Main, Germany, was founded in 1956, and is one of Germany's leading asset managers for retail and institutional clients with more than €359 billion in assets under management as of September 30, 2019.  As set forth in the attached certification, Plaintiff acquired Fluor common stock at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

17.     Defendant Fluor is a global engineering, procurement, construction, and maintenance company that designs, builds and maintains energy and gas facilities for both public and private clients.  Fluor is incorporated in Delaware with its principal executive offices located at 6700 Las Colinas Boulevard, Irving, Texas.  Fluor common stock trade in an efficient market on the New York Stock Exchange ("NYSE") under the ticker symbol "FLR."

18.     Defendant David T. Seaton ("Seaton") was the CEO and Chairman of Fluor's Board of Directors from the start of the Class Period until May 1, 2019.

19.     Defendant Carlos M. Hernandez ("Hernandez") served as the interim CEO from May 1, 2019, until May 16, 2019, when he was appointed as Fluor's CEO.  Mr. Hernandez also served as the Chief Legal Officer from October 2007 until May 2019.

20.     Defendant Bruce A. Stanski ("Stanski") served as Fluor's Chief Financial Officer from the start of the Class Period until June 2019.

21.     Defendant D. Michael Steuert ("Steuert") served as Fluor's Chief Financial Officer from June 2019 until present.

22.     Defendant Robin K. Chopra ("Chopra") has served as Fluor's Principal Accounting Officer at all relevant times.

23.     Defendants Seaton, Hernandez, Stanski, Steuert, and Chopra are sometimes referred to herein as the "Individual Defendants."

24.     The Individual Defendants possessed the power and authority to control the contents of Fluor's SEC filings, press releases, and other market communications.  The Individual Defendants were provided with copies of Fluor's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected.  Because of their positions with Fluor, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading.  The Individual Defendants are liable for the false statements and omissions pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

25.     Fluor operates through its six principal segments:  Energy & Chemicals, Mining & Industrial; Infrastructure & Power; Government; Diversified Services; and Other.  As of December 31, 2019, Fluor ranked number 164 on the FORTUNE 500® list, the second largest engineering and construction company to make the list.

26.     Through Fluor's Government segment, the Company provides engineering, construction, logistics, base and facilities operations and maintenance, contingency response and environmental and nuclear services to the U.S. and foreign governments.  Prior to April 21, 2016, Fluor was awarded a contract to complete the Radford Project in which Fluor was to construct a nitrocellulose facility, boiler, and warehouse at the Radford Army Ammunition Plant.

27.     As an engineering contractor, Fluor bids to perform services under two different types of contracts: "reimbursable contracts" or "fixed-price contracts."  Under reimbursable contracts, Fluor provides its services and is reimbursed for its expenses, plus an additional fee for the service performed.  By contrast, fixed-priced contracts typically involve a set, negotiated fee which would include the projected costs of the work and any additional fee for the Company's services.  Thus, under fixed-price contracts, the amount of profit Fluor receives directly depends on its ability to accurately plan for the costs of the project and complete the project without exceeding those expected costs, because any cost overruns would not be reimbursed by the customer and would therefore cut into Fluor's profit.

28.     Fluor recognizes revenue from its contracts under the percentage-of-completion method which is based on contract cost incurred to date compared to total estimated contract cost.

6

**Materially False and Misleading Statements Issued During the Class Period**

29.     The Class Period begins on November 2, 2017 when Fluor filed its quarterly report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended September 30, 2017.   For the third quarter of 2017, Defendants reported revenue of approximately $4.9 billion and net earnings of approximately $94 million.

30.     In addition, Fluor's reported revenue for the quarter included approximately $9 million from its submission of "change orders" to its clients.  In the third quarter 2017 10-Q, Fluor stated, in pertinent part:

> The company has made claims arising from the performance under its contracts. The company recognizes revenue, but not profit, for certain claims (including change orders in dispute and unapproved change orders in regard to both scope and price) when it is determined that recovery of incurred costs is probable and the amounts can be reliably estimated.   Under claims accounting (ASC 605-35-25), these requirements are satisfied when (a) the contract or other evidence provides a legal basis for the claim, (b) additional costs were caused by circumstances that were unforeseen at the contract date and not the result of deficiencies in the company's performance, (c) claim-related costs are identifiable and considered reasonable in view of the work performed, and (d) evidence supporting the claim is objective and verifiable. . . . The company periodically evaluates its positions and the amounts recognized with respect to all its claims and back charges.  As of September 30, 2017 and December 31, 2016, the company had recorded $80 million and $61 million, respectively, of claim revenue for costs incurred to date and such costs are included in contract work in progress. . . . The company believes the ultimate recovery of amounts related to these claims and back charges is probable in accordance with ASC 605-35-25.

31.     On February 20, 2018, Fluor filed its Annual Report on Form 10-K with the SEC, reporting the Company's financial and operating results for the year ended December 31, 2017.  For the fourth quarter of 2017, Defendants reported revenue of approximately $5 billion and net earnings of approximately $60 million.

32.     Fluor's reported revenue for the quarter included approximately $44 million from its submission of change orders to its clients.  In the 2017 10-K, Fluor stated, in pertinent part: "As

of December 31, 2017 and 2016, the company had recorded $124 million and $61 million, respectively, of claim revenue for costs incurred to date and such costs are included in contract work in progress."

33.     On May 3, 2018, Fluor filed its quarterly report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended March 31, 2018.  For the first quarter of 2018, Defendants reported revenue of approximately $4.8 billion and a net loss of approximately $18 million.

34.     Fluor's reported revenue for the quarter included approximately $10 million from its submission of change orders to its clients.  In the first quarter 2018 10-Q, Fluor stated, in pertinent part: "As of March 31, 2018 and December 31, 2017, the company had recorded $134 million and $124 million, respectively, of claim revenue for costs incurred to date and such costs are included in contract assets."

35.     On August 2, 2018, Fluor filed its quarterly report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended June 30, 2018.  For the second quarter of 2018, Defendants reported revenue of approximately $4.9 billion and net earnings of approximately $115 million.

36.     In the second quarter 2018 10-Q, Fluor stated, in pertinent part: "As of June 30, 2018 and December 31, 2017, the company had recorded $132 million and $124 million, respectively, of claim revenue for costs incurred to date and such costs are included in contract assets."

37.     On November 1, 2018, Fluor filed its quarterly report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended September 30, 2018.

For the third quarter of 2018, Defendants reported revenue of approximately $4.7 billion and net earnings of approximately $77 million.

38.     Fluor's reported revenue for the quarter included approximately $24 million from its submission of change orders to its clients.  In the third quarter 2018 10-Q, Fluor stated, in pertinent part: "As of September 30, 2018 and December 31, 2017, the company had recorded $156 million and $124 million, respectively, of claim revenue for costs incurred to date and such costs are included in contract assets."

39.     On February 21, 2019, Fluor filed its Annual Report on Form 10-K with the SEC, reporting the Company's financial and operating results for the year ended December 31, 2018.  For the fourth quarter of 2018, Defendants reported revenue of approximately $4.8 billion and net earnings of approximately $50 million.

40.     Fluor's reported revenue for the quarter included approximately $10 million from its submission of change orders to its clients.  In the 2018 10-K, Fluor stated, in pertinent part: "As of December 31, 2018 and 2017, the company had recorded $166 million and $124 million, respectively, of claim revenue for costs incurred to date and such costs are included in contract assets."

41.     On May 2, 2019, Fluor filed its quarterly report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended March 31, 2019.  For the first quarter of 2019, Defendants reported revenue of approximately $4.2 billion and a net loss of approximately $58 million.

42.     Fluor's reported revenue for the quarter included approximately $9 million from its submission of change orders to its clients.  In the first quarter 2019 10-Q, Fluor stated, in pertinent part: "As of March 31, 2019 and December 31, 2018, the company had recorded $175 million and

$166 million, respectively, of claim revenue for costs incurred to date and such costs are included in contract assets."

43.     On August 1, 2019, Fluor filed its quarterly report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended June 30, 2019.  For the second quarter of 2019, Defendants reported revenue of approximately $4.1 billion and a net loss of approximately $555 million.

44.     Fluor's reported revenue for the quarter included approximately $21 million from its submission of change orders to its clients.  In the second quarter 2019 10-Q, Fluor stated, in pertinent part: "As of June 30, 2019 and December 31, 2018, the company had recorded $196 million and $166 million, respectively, of claim revenue for costs incurred to date and such costs are included in contract assets."

45.     On October 31, 2019, Fluor filed its Quarterly Report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended September 30, 2019. For the third quarter of 2019, Defendants reported revenue of approximately $3.9 billion and a net loss of approximately $782 million.

46.     Fluor's reported revenue for the quarter included approximately $9 million from its submission of "change orders" to its clients.  In the third quarter 2019 10-Q, Fluor stated, in pertinent part: "As of September 30, 2019 and December 31, 2018, the company had recorded $205 million and $166 million, respectively, of claim revenue for costs incurred to date and such costs are included in contract assets."

47.     The statements referenced in ¶¶ 29-46 were materially false and misleading, and they failed to disclose material facts necessary to make the statements made, in light of the circumstances under which they were made, not false and misleading.  Specifically, Defendants

willfully or recklessly made and/or caused the Company to make false and misleading statements to the investing public that failed to disclose, *inter alia*, that (i) the Company's earnings were inflated each quarter as a result of the Company's practice of improperly recognizing revenue on the 2Q 2019 Projects; and (ii) the revenue the Company had been recognizing from its submissions of change orders was inflated as the Company did not have a reasonable basis to believe that it was "probable that a significant reversal in the amount of cumulative revenue recognized will not occur." As a result, the Company's public statements were materially false and misleading at all relevant times.

## The Truth Emerges

48.     On May 2, 2019, before the markets had opened, Fluor disclosed to investors that CEO Seaton had left the Company, effective immediately, and would be replaced by interim CEO and Chief Legal Officer Carlos M. Hernandez. In addition, Fluor significantly reduced its earnings guidance and disclosed that the Company had incurred over $100 million in charges on various projects due, in part, to the Company's "revenue recognition" practices. On this news, Fluor's share price fell $9.43 per share, or 24%, closing at $29.72 per share on May 2, 2019.

49.     On August 1, 2019, after the markets had closed, the Company revealed that it would be taking a $714 million pre-tax charge on the 2Q 2019 Projects, including incurring a $233 million charge related to the Radford Project. On this news, Fluor's share price fell $8.24 per share, over 26%, closing at $22.67 per share on August 2, 2019.

50.     On February 18, 2020, before the markets opened, the Company revealed that the SEC was investigating Fluor's revenue recognition practices related to the 2Q 2019 Projects, and had requested information related to the 16 projects on which Fluor took charges in the second quarter of its fiscal year 2019. In addition, Fluor announced that the Company had also

11

commenced an internal investigation into the 2Q 2019 Projects, "focusing initially on the Radford [Project]." As a result of these investigations, Fluor announced that it would not be able to complete and file its Form 10-K on time.

51.    On this news, Fluor's share price fell $4.75 per share, over 24%, closing at $14.79 per share on February 18, 2020.

52.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common stock, Plaintiff and other Class members have suffered significant losses and damages.

## **LOSS CAUSATION**

53.    During the Class Period, Defendants made materially false and misleading statements and omissions, including statements regarding the 2Q 2019 Projects, and engaged in a scheme to deceive the market. This conduct artificially inflated the price of Fluor common stock and operated as a fraud or deceit on the Class. When Defendants' misrepresentations and risks concealed by the fraudulent conduct alleged in this complaint subsequently materialized and were disclosed to the market, the price of Fluor common stock fell precipitously. As a result of their acquisition of Fluor common stock during the Class Period, Plaintiff and other members of the Class (defined below) suffered economic loss, *i.e.*, damages, under the federal securities laws, which were caused by Defendants' material misstatements and omissions.

## **PLAINTIFF'S CLASS ACTION ALLEGATIONS**

54.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Fluor common stock during the Class Period (the "Class"), and were damaged by the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein,

the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

55.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Fluor common stock was actively traded on the NYSE.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Fluor or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

56.     The members of the Class are so numerous that joinder of all members is impracticable.  The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.  As of October 25, 2019, Fluor had over 140 million shares of common stock outstanding, owned by at least hundreds or thousands of investors.

57.     There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the Class, which predominate over questions which may affect individual Class members, include:

(a)     Whether Defendants violated the Exchange Act;

(b)     Whether Defendants omitted and/or misrepresented material facts;

(c)     Whether Defendants' statements omitted material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

13

(d)     Whether Defendants knew or recklessly disregarded that their statements and/or omissions were false and misleading;

(e)     Whether Defendants' misconduct impacted the price of Fluor common stock;

(f)     Whether Defendants' conduct caused the members of the Class to sustain damages; and

(g)     The extent of damages sustained by Class members and the appropriate measure of damages.

58.     Plaintiff suffered damages as a result of the violations of the federal securities laws alleged herein that will ensure Plaintiff's vigorous prosecution of the Class's claims.

59.     Plaintiff's claims are typical of those of the Class because Plaintiff and the Class sustained damages from Defendants' wrongful conduct.

60.     Plaintiff will adequately protect the Class's interests and has retained counsel experienced in class action securities litigation.  Plaintiff has no interests which conflict with those of the Class.

61.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**INAPPLICABILITY OF STATUTORY SAFE HARBOR**

62.     The statutory safe harbor provided under certain circumstances for forward-looking statements does not apply to any of the false statements described in this complaint.  Many of the specific statements described in this complaint were not identified as "forward-looking" when made.  To the extent that there were any forward-looking statements, there was no meaningful cautionary language identifying important factors that could cause actual results to differ

materially from those in the purportedly forward-looking statements.  Alternatively, to the extent

that the statutory safe harbor does apply to any forward-looking statements described in this

complaint, Defendants are liable for those false forward-looking statements because at the time

each was made, the particular speaker knew that the particular forward-looking statement was false

or misleading, or the forward-looking statement was authorized or approved by an executive

officer of Fluor who knew that the statement was false or misleading when made.

## PRESUMPTION OF RELIANCE

63.     At all relevant times, the market for Fluor's common stock was an efficient market

for the following reasons, among others:

(a)     Fluor common stock met the requirements for listing and was listed and

actively traded on the NYSE stock market, a highly efficient and automated market;

(b)     Fluor filed periodic public reports with the SEC and NYSE;

(c)     Fluor regularly and publicly communicated with investors via established

market communication mechanisms, including through regular dissemination of

press releases on the national circuits of major newswire services and through other

wide-ranging public disclosures, such as communications with the financial press

and other similar reporting services; and

(d)     Fluor was followed by securities analysts employed by numerous major

brokerage firms, who wrote reports that were distributed to the sales forces and

certain customers of their respective brokerage firms.  Each of these reports was

publicly available and entered the public marketplace.

64.     As a result of the foregoing, the market for Fluor common stock promptly digested

current information regarding Fluor from all publicly available sources and reflected that

information in the price of Fluor common stock.  Under these circumstances, all purchasers of Fluor common stock during the Class Period suffered similar injuries through their purchase of Fluor common stock at artificially inflated prices, and the presumption of reliance applies.

65.     A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are grounded on Defendants' material omissions.  Because this action involves Defendants' failure to disclose material adverse information regarding Fluor's business operations—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery.  All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions.  Given the importance of the 2Q 2019 Projects, as alleged above, that requirement is satisfied here.

## CAUSES OF ACTION

## COUNT I

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

66.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

67.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

68.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state

16

material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Fluor common stock; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Fluor common stock and options at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

69.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Fluor common stock.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Fluor's finances and business prospects.

70.     By virtue of their positions at Fluor, the Individual Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, the Individual Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants.  Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth.  In

addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

71.    Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control.  As the senior managers and/or directors of Fluor, the Individual Defendants had knowledge of the details of Fluor's internal affairs.

72.    The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Fluor.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Fluor's businesses, operations, future financial condition and future prospects.  As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Fluor common stock was artificially inflated throughout the Class Period.  In ignorance of the adverse facts concerning Fluor's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Fluor common stock at artificially inflated prices and relied upon the price of the common stock, the integrity of the market for the common stock and/or upon statements disseminated by Defendants, and were damaged thereby.

73.    During the Class Period, Fluor common stock were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Fluor common

stock at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said common stock, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Fluor common stock was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of Fluor common stock declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

74.    By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

75.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's common stock during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

<u>**COUNT II**</u>

**(Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)**

76.    Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

77.    During the Class Period, the Individual Defendants participated in the operation and management of Fluor, and conducted and participated, directly and indirectly, in the conduct of Fluor's business affairs. Because of their senior positions, they knew the adverse non-public information about Fluor's misstatement of income and expenses and false financial statements.

19

78.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Fluor's financial condition and results of operations, and to correct promptly any public statements issued by Fluor which had become materially false or misleading.

79.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Fluor disseminated in the marketplace during the Class Period concerning Fluor's results of operations.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Fluor to engage in the wrongful acts complained of herein.  The Individual Defendants therefore, were "controlling persons" of Fluor within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Fluor common stock.

80.     Each of the Individual Defendants, therefore, acted as a controlling person of Fluor. By reason of their senior management positions and/or being directors of Fluor, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Fluor to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of Fluor and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

81.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Fluor.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

20

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Awarding compensatory damages in favor of Plaintiff and other Class members against Fluor and the Individual Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest;

C. Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including attorneys' fees and expert fees; and

D. Awarding any equitable, injunctive, or other further relief that the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: February 28, 2020

Respectfully submitted,

**McKOOL SMITH PC**

*/s/ Lewis T. LeClair*

Lewis T. LeClair
Texas Bar No. 12072500
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Tel: (214) 978-4000
Fax: (214) 978-4044
lleclair@mckoolsmith.com

*Liaison Counsel for Plaintiff*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Gerald H. Silk
Mark Lebovitch
Avi Josefson
1251 Avenue of the Americas
New York, New York 10020

Tel: (212) 554-1400
Fax: (212) 554-1444
jerry@blbglaw.com
markl@blbglaw.com
avi@blbglaw.com

*Counsel for Plaintiff*

## CERTIFICATION PURSUANT TO
## THE FEDERAL SECURITIES LAWS

The undersigned, Dr. Carsten Fischer and Jochen Riechwald, on behalf of Union Asset Management Holding AG ("Union"), on account of the funds listed in Schedule A (the "Funds"), declare the following as to the claims asserted, or to be asserted, under the federal securities laws:

1. We have reviewed the complaint in this matter and authorize its filing.

2. We are duly authorized to institute legal action on behalf of Union and the Funds, including litigation against Fluor Corporation and any other defendants.

3. The Funds did not purchase the securities that are the subject of this action at the direction of counsel or in order to participate in any action arising under the federal securities laws.

4. Union is willing to serve as a lead plaintiff and representative party on behalf of the Class, including providing testimony at deposition and trial, if necessary. Union fully understands the duties and responsibilities of the lead plaintiff under the Private Securities Litigation Reform Act, including the selection and retention of counsel and overseeing the prosecution of the action for the Class.

5. The Funds' transactions in the Fluor Corporation securities that are the subject of this action are set forth in the chart attached hereto.

6. Union was appointed as a lead plaintiff and representative party on behalf of a class in the following actions under the federal securities laws filed during the three-year period preceding the date of this Certification

*In re Equifax Inc. Securities Litig.*, No. 17-cv-3463 (N.D. Ga.)
*Rubenstahl v. Philip Morris International Inc.*, No. 17-cv-13504 (D.N.J.)
*City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, No. 18-cv-4844 (N.D. Cal.)
*In re Philip Morris International Inc. Securities Litig.*, No. 18-cv-8049 (S.D.N.Y.)
*In re Kraft Heinz Securities Litigation,* No. 19-cv-1339 (N.D. Ill.)

7.  Union will not accept any payment for serving as a representative party on behalf of the Class beyond Union's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class, as ordered or approved by the Court.

We declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 18th day of February, 2020.

For Union Asset Management Holdings AG:


_____          _____
Dr. Carsten Fischer                        Jochen Riechwald
General Counsel                            Assistant General Counsel

**Union Asset Management Holding AG**
**Transactions in Fluor Corp.**

| Fund | Transaction | Date | Shares | Price |
|---|---|---|---|---|
| UniFavorit: Aktien | Purchase | 1/22/2018 | 151,733 | 61.2118 |
| UniFavorit: Aktien | Purchase | 1/23/2018 | 384,191 | 61.5069 |
| UniFavorit: Aktien | Purchase | 1/24/2018 | 197,363 | 61.3764 |
| UniFavorit: Aktien | Purchase | 1/25/2018 | 120,690 | 61.2370 |
| UniFavorit: Aktien | Purchase | 1/26/2018 | 97,995 | 61.2834 |
| UniFavorit: Aktien | Purchase | 8/3/2018 | 51,500 | 55.2835 |
| UniFavorit: Aktien | Purchase | 8/14/2018 | 88,781 | 56.2765 |
| UniFavorit: Aktien | Purchase | 8/15/2018 | 64,300 | 55.2260 |
| UniFavorit: Aktien | Purchase | 10/26/2018 | 240,362 | 43.8869 |
| UniFavorit: Aktien | Purchase | 10/29/2018 | 91,444 | 43.8134 |
| UniFavorit: Aktien | Purchase | 4/2/2019 | 78,073 | 38.3946 |
| UniFavorit: Aktien | Purchase | 4/3/2019 | 100,000 | 38.9470 |
| UniFavorit: Aktien | Purchase | 4/4/2019 | 5,316 | 39.4655 |
| UniFavorit: Aktien | Purchase | 4/5/2019 | 100,000 | 40.4228 |
| UniFavorit: Aktien | Purchase | 4/8/2019 | 90,000 | 40.1687 |
| | | | | |
| UniFavorit: Aktien | Sale | 5/2/2019 | (200,000) | 30.4190 |
| UniFavorit: Aktien | Sale | 5/3/2019 | (261,748) | 29.1449 |
| UniFavorit: Aktien | Sale | 8/6/2019 | (530,215) | 22.9440 |
| UniFavorit: Aktien | Sale | 8/6/2019 | (14,171) | 24.3053 |
| UniFavorit: Aktien | Sale | 8/7/2019 | (303,049) | 21.3473 |
| UniFavorit: Aktien | Sale | 8/8/2019 | (81,123) | 20.4681 |
| UniFavorit: Aktien | Sale | 8/8/2019 | (136,625) | 20.7903 |
| UniFavorit: Aktien | Sale | 8/9/2019 | (334,817) | 20.0614 |
| UniNachhaltig Aktien Global | Purchase | 1/22/2018 | 4,144 | 61.2118 |
| UniNachhaltig Aktien Global | Purchase | 1/23/2018 | 10,493 | 61.5069 |
| UniNachhaltig Aktien Global | Purchase | 1/24/2018 | 5,390 | 61.3764 |
| UniNachhaltig Aktien Global | Purchase | 1/25/2018 | 3,296 | 61.2370 |
| UniNachhaltig Aktien Global | Purchase | 1/26/2018 | 2,677 | 61.2834 |
| UniNachhaltig Aktien Global | Purchase | 6/18/2018 | 11,859 | 49.6231 |
| UniNachhaltig Aktien Global | Purchase | 8/6/2018 | 33,671 | 56.3936 |
| UniNachhaltig Aktien Global | Purchase | 8/27/2018 | 2,962 | 58.4007 |
| UniNachhaltig Aktien Global | Purchase | 9/19/2018 | 3,848 | 58.5802 |
| UniNachhaltig Aktien Global | Purchase | 10/2/2018 | 26,526 | 60.2500 |
| UniNachhaltig Aktien Global | Purchase | 11/20/2018 | 3,043 | 42.2573 |
| UniNachhaltig Aktien Global | Purchase | 12/11/2018 | 2,915 | 36.4054 |
| UniNachhaltig Aktien Global | Purchase | 1/17/2019 | 2,947 | 36.4887 |

**Union Asset Management Holding AG**
**Transactions in Fluor Corp.**

| Fund | Transaction | Date | Shares | Price |
|---|---|---|---|---|
| UniNachhaltig Aktien Global | Sale | 10/4/2018 | (9,524) | 59.4207 |
| UniNachhaltig Aktien Global | Sale | 11/13/2018 | (41,180) | 44.6907 |
| UniNachhaltig Aktien Global | Sale | 2/8/2019 | (63,067) | 33.7026 |
| UniNordamerika | Purchase | 8/23/2018 | 46,300 | 57.4820 |
| UniNordamerika | Sale | 9/25/2018 | (3,880) | 58.6251 |
| UniNordamerika | Sale | 10/5/2018 | (2,606) | 58.9222 |
| UniNordamerika | Sale | 5/21/2019 | (39,814) | 29.8783 |
| Uni21.Jahrhundert -net- | Purchase | 3/15/2018 | 45,000 | 57.3501 |
| Uni21.Jahrhundert -net- | Purchase | 8/21/2018 | 50,000 | 57.5528 |
| Uni21.Jahrhundert -net- | Sale | 5/7/2018 | (45,000) | 44.1856 |
| Uni21.Jahrhundert -net- | Sale | 10/11/2018 | (50,000) | 48.5119 |
| UniDynamicFonds: Global | Purchase | 1/22/2018 | 5,838 | 61.2118 |
| UniDynamicFonds: Global | Purchase | 1/23/2018 | 14,783 | 61.5069 |
| UniDynamicFonds: Global | Purchase | 1/24/2018 | 7,594 | 61.3764 |
| UniDynamicFonds: Global | Purchase | 1/25/2018 | 4,644 | 61.2370 |
| UniDynamicFonds: Global | Purchase | 1/26/2018 | 3,770 | 61.2834 |
| UniDynamicFonds: Global | Purchase | 4/23/2018 | 19,700 | 59.2044 |
| UniDynamicFonds: Global | Sale | 5/7/2018 | (28,000) | 44.2943 |
| UniDynamicFonds: Global | Sale | 5/18/2018 | (28,329) | 49.4911 |
| UIN-Fonds Nr. 759 | Purchase | 1/24/2018 | 12,860 | 61.6607 |
| UIN-Fonds Nr. 759 | Purchase | 10/19/2018 | 1,910 | 46.8500 |
| UIN-Fonds Nr. 759 | Purchase | 11/30/2018 | 5,190 | 41.0956 |
| UIN-Fonds Nr. 759 | Sale | 2/22/2019 | (3,825) | 37.9155 |
| UIN-Fonds Nr. 759 | Sale | 8/27/2019 | (16,135) | 17.3308 |
| UniRak Nachhaltig | Purchase | 3/5/2018 | 36,533 | 57.1334 |
| UniRak Nachhaltig | Purchase | 3/6/2018 | 23,467 | 57.3612 |
| UniRak Nachhaltig | Sale | 10/11/2018 | (60,000) | 46.9912 |

**Union Asset Management Holding AG**
**Transactions in Fluor Corp.**

| Fund | Transaction | Date | Shares | Price |
|------|-------------|------|--------|-------|
| UniSector: BasicIndustries | Purchase | 3/8/2018 | 17,365 | 57.5825 |
| UniSector: BasicIndustries | Purchase | 3/8/2018 | 635 | 57.2617 |
| UniSector: BasicIndustries | Purchase | 8/9/2018 | 5,000 | 56.2721 |
| UniSector: BasicIndustries | Sale | 12/13/2018 | (23,000) | 34.0567 |
| UniRak Nachhaltig Konservativ | Purchase | 3/5/2018 | 18,267 | 57.1334 |
| UniRak Nachhaltig Konservativ | Purchase | 3/6/2018 | 11,733 | 57.3612 |
| UniRak Nachhaltig Konservativ | Sale | 10/11/2018 | (30,000) | 46.9912 |
| UIN-Fonds Nr. 727 | Purchase | 1/24/2018 | 5,020 | 61.6607 |
| UIN-Fonds Nr. 727 | Purchase | 11/30/2018 | 2,150 | 41.0956 |
| UIN-Fonds Nr. 727 | Sale | 2/20/2019 | (2,482) | 37.2200 |
| UIN-Fonds Nr. 727 | Sale | 8/27/2019 | (4,688) | 17.3308 |
| UniProInvest: Chance | Purchase | 1/22/2018 | 4,351 | 60.5273 |
| UniProInvest: Chance | Purchase | 1/26/2018 | 814 | 61.2700 |
| UniProInvest: Chance | Purchase | 3/27/2018 | 1,439 | 56.3912 |
| UniProInvest: Chance | Purchase | 4/27/2018 | 733 | 59.4700 |
| UniProInvest: Chance | Purchase | 7/2/2018 | 1,429 | 48.3121 |
| UniProInvest: Chance | Purchase | 10/2/2018 | 1,908 | 59.1900 |
| UniProInvest: Chance | Sale | 10/11/2018 | (10,674) | 48.5119 |
| UIN-Fonds Nr. 760 | Purchase | 3/19/2018 | 2,501 | 57.2264 |
| UIN-Fonds Nr. 760 | Sale | 9/23/2019 | (2,501) | 20.9929 |
| Demografiefonds | Purchase | 1/24/2018 | 2,380 | 61.6607 |
| Demografiefonds | Sale | 4/4/2019 | (865) | 38.8800 |
| Demografiefonds | Sale | 8/14/2019 | (1,515) | 18.7983 |
| SV-Union-Fonds | Purchase | 7/5/2019 | 4,350 | 32.0700 |
| SV-Union-Fonds | Sale | 9/25/2019 | (4,350) | 20.1887 |

**Union Asset Management Holding AG**
**Transactions in Fluor Corp.**

| Fund | Transaction | Date | Shares | Price |
|------|-------------|------|--------|-------|
| MVB TrendStrategie: Value | Purchase | 2/8/2018 | 1,600 | 56.1800 |
| MVB TrendStrategie: Value | Sale | 3/11/2019 | (1,600) | 36.8566 |
| UniInstitutional Stiftungsfonds Nachhaltig | Purchase | 2/7/2019 | 350 | 36.0000 |
| UniInstitutional Stiftungsfonds Nachhaltig | Sale | 7/8/2019 | (350) | 32.1629 |
| UniInstitutional Kommunalfonds Nachhaltig | Purchase | 2/6/2019 | 320 | 35.8931 |
| UniInstitutional Kommunalfonds Nachhaltig | Sale | 2/15/2019 | (320) | 35.6500 |