UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNION ASSET MANAGEMENT HOLDING AG, Individually and On Behalf All others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLUOR CORPORATION, DAVID T. SEATON, CARLOS M. HERNANDEZ, BRUCE A. STANSKI, D. MICHAEL STEUERT, and ROBIN K. CHOPRA,<br><br>Defendants. | Case No. 3:20-cv-00518-X<br><br>CLASS ACTION |

**MOTION OF UNION ASSET MANAGEMENT HOLDING AG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF COUNSEL**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that proposed Lead Plaintiff Union Asset Management Holding AG ("Union"), hereby moves this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (i) appointing Union as Lead Plaintiff; (ii) approving its selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class and McKool Smith PC ("McKool Smith") as Liaison Counsel for the Class; and (iii) granting any further relief that the Court may deem just and proper.

This Motion is made on the grounds that Union believes that it is the "most adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff. Specifically, Union believes it has the "largest financial interest" in the relief sought by the Class in this action by virtue of, among other things, the approximate losses of $62.7 million Union incurred on its purchases of approximately 2.3 million shares of Fluor Corporation common stock between November 2, 2017 and February 14, 2020, inclusive. Union also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of other Class members' claims and because it will fairly and adequately represent the interests of the Class. Moreover, Union is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional asset manager with a substantial financial stake in the litigation, which guarantees effective monitoring and supervision of counsel.

This Motion is supported by the accompanying Brief and Appendix of Exhibits, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, Union respectfully requests that the Court: (i) appoint it to serve as Lead Plaintiff; (ii) approve its selection of Bernstein Litowitz as Lead Counsel and McKool Smith as Liaison Counsel for the Class; and (iii) grant any other relief that the Court may deem just and proper.

DATED: April 28, 2020

Respectfully submitted,

**McKOOL SMITH PC**

*/s/ Lewis T. LeClair*
Lewis T. LeClair
Texas Bar No. 12072500
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Tel: (214) 978-4000
Fax: (214) 978-4044
lleclair@mckoolsmith.com

*Proposed Liaison Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Gerald H. Silk
Mark Lebovitch
Avi Josefson
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
jerry@blbglaw.com
markl@blbglaw.com
avi@blbglaw.com

*Counsel for Proposed Lead Plaintiff Union Asset Management Holding AG and Proposed Lead Counsel for the Class*

2

**CERTIFICATE OF CONFERENCE**

I hereby certify that, at the time of filing, the only party known to oppose this motion is the Town of Fairfield Employees' Retirement Plan and the Town of Fairfield Police and Firemen's Retirement Plan ("Fairfield"), and Wayne County Employees' Retirement System ("Wayne")—the lead plaintiffs in *Chun v. Fluor Corp.*, No. 3:18-cv-01338-X (N.D. Tex.) ("*Chun*")—which is evidenced by the letter brief filed by their counsel in *Chun* concerning this motion. *See Chun*, ECF No. 104. Aside from Fairfield and Wayne, it is not possible to confer here because counsel cannot ascertain the identity of the parties moving for appointment as Lead Plaintiff until after all such motions have been filed. *See* 15 U.S.C. § 78u-4(a)(3) (allowing any class member to file a lead plaintiff motion within 60 days of publication of early notice). Under these circumstances, I respectfully request that the conferral requirement of Local Rule 7.1(a) be waived for these limited purposes.

*/s/ Lewis T. LeClair*
Lewis T. LeClair

**CERTIFICATE OF SERVICE**

I certify that on April 28, 2020, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Lewis T. LeClair*
Lewis T. LeClair