UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNION ASSET MANAGEMENT HOLDING AG, Individually and On Behalf All others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLUOR CORPORATION, DAVID T. SEATON, CARLOS M. HERNANDEZ, BRUCE A. STANSKI, D. MICHAEL STEUERT, and ROBIN K. CHOPRA,<br><br>Defendants. | Case No. 3:20-cv-00518-X<br><br>CLASS ACTION |

**BRIEF IN SUPPORT OF THE MOTION OF UNION ASSET MANAGEMENT HOLDING AG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF COUNSEL**

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................................... 3

ARGUMENT .................................................................................................................................. 4

      I.      UNION SHOULD BE APPOINTED LEAD PLAINTIFF ................................... 4

            A.      Union Has Timely Moved For Appointment As Lead Plaintiff .................................................................................................... 4

            B.      Union Has The Largest Financial Interest In The Relief Sought By The Class ................................................................................................. 5

            C.      Union Satisfies The Requirements of Rule 23 ............................................ 5

      II.     THE COURT SHOULD APPROVE UNION'S CHOICE OF COUNSEL ........... 7

CONCLUSION ............................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**CASES** **PAGE(S)**

*Buettgen v. Harless*,
  263 F.R.D. 378 (N.D. Tex. 2009) ................................................................................................5

*Parker v. Hyperdynamics Corp.*,
  4:12-CV-999, 2013 WL 623164 (S.D. Tex. Feb. 19, 2013) ..................................................5, 6

**STATUTES**

15 U.S.C. § 78u-4(a)(3) ......................................................................................................... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4) ....................................................................................................................6

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995) .......................7

Union Asset Management Holding AG ("Union") respectfully submits this brief in support of its motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (i) appointing Union as Lead Plaintiff; (ii) approving its selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class and McKool Smith PC ("McKool Smith") as Liaison Counsel for the Class; and (iii) granting any further relief that the Court may deem just and proper.

## PRELIMINARY STATEMENT

On February 28, 2020, Union, through its counsel, Bernstein Litowitz, filed the first and only complaint (the "Complaint") on behalf of itself and purchasers of Fluor Corporation ("Fluor" or the "Company") common stock between November 2, 2017 and February 14, 2020, inclusive (the "Class Period"). Union filed that Complaint to recover the significant losses it and other Fluor investors suffered because of a wide-spread accounting fraud perpetrated by Fluor and certain of its current and former executives (collectively, "Defendants"). The Complaint alleges that Defendants violated Sections 10(b) and 20(a) of the Exchange Act, and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, by making material misrepresentations to investors during the Class Period. Fluor investors, including Union, incurred significant losses when Defendants disclosed that Fluor incurred a $714 million charge related to improper revenue recognition practices on a set of sixteen contracts (the "2Q 2019 Projects"), which led the SEC to commence an investigation into Fluor's accounting practices.

The PSLRA requires this Court to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). That determination depends on which movant has the "largest financial interest" in the relief sought and whether that movant has made a *prima facie* showing that it meets the adequacy and typicality requirements under Rule 23 of the Federal Rules

of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As shown below, Union is the "most adequate" plaintiff by virtue of, among other things, the approximate losses of $62.7 million Union incurred on its purchases of approximately 2.3 million shares of Fluor common stock during the Class Period.[1]

In addition to asserting the largest financial interest, Union readily satisfies the relevant requirements of Rule 23 because its claims are typical of all Class members and it will fairly and adequately represent the Class.  Union is a paradigmatic Lead Plaintiff under the PSLRA: it is a sophisticated institutional investor with a real financial interest in the litigation.  Indeed, Union's familiarity with the PSLRA is informed by its years of experience serving as a lead plaintiff in several securities class actions, and proudly achieving some of the largest recoveries for investors of all time.  Thus, Union fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake those responsibilities to ensure vigorous prosecution of this action.

Union has also demonstrated its adequacy through the filing of the Complaint, showing that Union has both the incentive and desire to litigate these claims vigorously.  Union's adequacy is further demonstrated through its selection of Bernstein Litowitz and McKool Smith to serve as Lead and Liaison Counsel, respectively.  Accordingly, Union respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its motion.

---

[1] Union is an institutional asset manager, which manages investment assets through separate funds and is authorized to bring legal action on their behalf.  Prior to seeking appointment as Lead Plaintiff, Union obtained valid assignments of the funds' claims.  *See* Appendix of Exhibits in Support of the Motion of Union Asset Management Holding AG for Appointment as Lead Plaintiff and Approval of Its Selection of Counsel (the "Appendix"), Ex. B at App-04 – App-10.  Union's PSLRA-required Certification is provided as Exhibit C to the Appendix.  *See* Appendix, Ex. C at App-11 – App-17.  In addition, charts setting forth calculations of Union's losses are provided as Exhibit D to the Appendix.  *See* Appendix, Ex. D at App-18 – App-23.

## FACTUAL BACKGROUND

Based in Irving, Texas, Fluor operates, through its subsidiaries, as a global engineering, procurement, construction, and maintenance company that designs, builds and maintains energy and gas facilities for both public and private clients across the globe.

The action alleges that, throughout the Class Period, Defendants inflated Fluor's revenue and earnings by improperly recognizing revenue on the 2Q 2019 Projects. Once awarded a contract to perform work on a project, Fluor would routinely submit "change forms" to its clients in which Fluor would request additional funds to cover the Company's cost overruns that resulted from "unforeseen circumstances," funds which the client was not contractually obligated to pay. At the same time, Defendants assured investors that Fluor would only recognize revenue from its submission of these change orders if it determined that "recovery of incurred costs is probable and the amounts can be reliably estimated." In truth, Defendants had been secretly utilizing change orders, among other tactics, to improperly inflate Fluor's revenue and earnings by recognizing additional revenue on its contracts despite having no reasonable basis to do so. Defendants' misrepresentations caused Fluor stock to trade at artificially inflated prices throughout the Class Period.

The truth emerged through a series of partial disclosures beginning on May 2, 2019, before the markets had opened, when Fluor disclosed that (i) its CEO, David Seaton, had left the Company, effective immediately, (ii) Fluor would be significantly reducing its earnings guidance, and (iii) the Company was taking over $100 million in charges. On this news, Fluor's share price declined by $9.43 per share, or 24%, closing at $29.72 per share on May 2, 2019.

On August 1, 2019, after the markets had closed, Fluor revealed that it would be taking a $714 million pre-tax charge on the 2Q 2019 Projects, including a $233 million charge on a project in which Fluor serves as a subcontractor in its work on the United States Army Radford Army

Ammunition Plant. On this news, Fluor's share price declined by $8.24 per share, over 26%, closing at $22.67 per share on August 2, 2019.

Then, on February 18, 2020, before the markets opened, the Company revealed that the SEC was investigating Fluor's past accounting and financial reporting, and had requested additional information related to the 2Q 2019 Projects. In addition, Fluor announced that the Company had also commenced its own internal investigation into the 2Q 2019 Projects, "focusing initially on the Radford [Project]." As a result of these investigations, Fluor announced that it would not be able to complete and file its Form 10-K on time. On this news, Fluor's share price declined by $4.75 per share, over 24%, closing at $14.79 per share on February 18, 2020.

## ARGUMENT

### I.   UNION SHOULD BE APPOINTED LEAD PLAINTIFF

Union should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As discussed below, Union has the largest financial interest in the relief sought by the Class, is uniquely qualified to represent the Class, and should be appointed as Lead Plaintiff.

#### A.   Union Has Timely Moved For Appointment As Lead Plaintiff

Any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On February 28, 2020, Union filed the first securities class action asserting claims under Sections 10(b) and 20(a) of the Exchange Act against Defendants arising

from the improper recognition of revenue. *See* ECF No. 1. As required by the PSLRA, on February 28, 2020, counsel for Union, Bernstein Litowitz, published a notice on *PR Newswire*, which alerted investors to the pendency of this action and set the deadline to seek Lead Plaintiff status as April 28, 2020. *See* Appendix, Ex. E at App-24 – App-27. Accordingly, Union has timely moved for appointment as Lead Plaintiff.

### B. Union Has The Largest Financial Interest In The Relief Sought By The Class

Union sustained losses of approximately $62.7 million on its Class Period purchases of approximately 2.3 million shares of Fluor common stock.[2] *See* Appendix, Exs. C at App-11 – App-17; D at App-18 – App-23. Union is presently unaware of any other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation. Accordingly, Union has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### C. Union Satisfies The Requirements of Rule 23

In addition to possessing the largest financial interest, Union satisfies Rule 23's requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At the lead plaintiff selection stage, only a preliminary showing that the lead plaintiff is adequate and its claims are typical is necessary. *See Buettgen v. Harless*, 263 F.R.D. 378, 381 (N.D. Tex. 2009). Union unquestionably satisfies both requirements.

Union's claims are typical of the claims of other Class members. The typicality requirement is met where a lead plaintiff movant, like other Class members, "purchase[d] the stock at inflated prices during the Class Period followed by the steep loss of investment value." *Parker v. Hyperdynamics Corp.*, 4:12-CV-999, 2013 WL 623164, at *3 (S.D. Tex. Feb. 19, 2013). Here,

---

[2] Union's losses are the same whether calculated on a first-in, first-out, or last-in, first-out basis.

Union's and all other Class members' claims arise from the same course of events, and their legal arguments to prove Defendants' liability are identical. Like all other Class members, Union (i) purchased Fluor common stock during the Class Period, (ii) at prices artificially inflated by Defendants' materially false and misleading statements and omissions, and (iii) was damaged by Defendants' fraud. Thus, Union satisfies the typicality requirement.

Union likewise satisfies Rule 23's adequacy requirement. Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy inquiry examines the "zeal and competence of the representatives' counsel and [] the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Hyperdynamics*, 2013 WL 623164, at *3 (citation omitted). Union satisfies these elements because its substantial financial stake in the litigation provides Union with the incentive to vigorously represent the Class's claims. Moreover, Union's interests are perfectly aligned with those of the other Class members and are not antagonistic in any way, and there is no evidence of collusion among the litigants. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Union and other Class members.

Further, Union has extensive experience serving as a lead plaintiff in securities class actions and supervising the work of outside counsel. Based on its experience serving as a lead plaintiff, Union fully understands the lead plaintiff's obligations under the PSLRA, and is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this action. Union has repeatedly demonstrated its ability and expertise in serving as an extraordinarily qualified and effective advocate on behalf of investors in securities class actions, including by successfully prosecuting actions that have resulted in some of the largest recoveries of all time. *See, e.g.*, *Hefler*

*v. Wells Fargo & Co.*, No. 16-cv-5479 (N.D. Cal.) (recovering $480 million for investors with Bernstein Litowitz serving as lead counsel); *In re Equifax Inc. Sec. Litig.*, No. 17-cv-3463 (N.D. Ga.) (recovering $149 million for investors, pending court approval, with Bernstein Litowitz serving as lead counsel).  In fact, Union has already taken steps to protect Class members' rights in this action by, among other things, investigating investors' claims and directing its counsel, Bernstein Litowitz, to file the first complaint asserting these securities fraud claims against Defendants.

In addition, Union is exactly the type of investor Congress sought to empower to lead securities class actions through the PSLRA—an experienced and committed institutional investor with a substantial interest in the litigation.  *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Last, Union has demonstrated its adequacy through its selection of Bernstein Litowitz to serve as Lead Counsel and McKool Smith to serve as Liaison Counsel to represent the Class.  As discussed more fully below, Bernstein Litowitz and McKool Smith are highly qualified and experienced in securities class action litigation.  Accordingly, Union satisfies the typicality and adequacy requirements of Rule 23.

## II.   THE COURT SHOULD APPROVE UNION'S CHOICE OF COUNSEL

The Court should approve Union's selection of Bernstein Litowitz to serve as Lead Counsel.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a plaintiff shall, subject to court approval, select and retain counsel to represent the class they seek to represent, and the court should not disturb plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Bernstein Litowitz is among the preeminent securities class action law firms in the country. *See* Appendix, Ex. F at App-28 – App-88 (Bernstein Litowitz's Firm Résumé). Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the class. More recently, Bernstein Litowitz obtained a $1.06 billion recovery (inclusive of attorneys' fees) for the class in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, MDL No. 1658 (D.N.J.). Bernstein Litowitz also secured a resolution of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), and a $730 million recovery in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522 (S.D.N.Y.).

Other significant securities class actions in which courts in this Circuit have recognized Bernstein Litowitz as adequate and qualified class counsel include *In re Cobalt International Energy, Inc. Securities Litigation*, No. 14-cv-3428 (S.D. Tex.) (recovering $335 million for investors), and *Wyatt v. El Paso Corp.*, No. 02-cv-2717 (S.D. Tex.) (recovering $285 million for investors)—two of the largest securities class action recoveries ever obtained in the Fifth Circuit. Bernstein Litowitz also served as lead counsel in *In re Adeptus Health Inc. Securities Litigation*, No. 17-cv-449 (E.D. Tex.) (recovering $44 million for investors, pending court approval), and *Bach v. Amedisys, Inc.*, No. 10-cv-395 (M.D. La.) (recovering $43.75 million for investors). Accordingly, the Court should approve Union's selection of Bernstein Litowitz as Lead Counsel for the Class.

The Court should appoint McKool Smith as Liaison Counsel for the Class. Headquartered in Dallas, Texas, McKool Smith is an elite trial firm with a national presence. McKool Smith has

extensive experience in complex litigation, including securities and class action practice, and is well qualified to represent the Class as Liaison Counsel.

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Union's selection of Bernstein Litowitz as Lead Counsel for the Class and McKool Smith as Liaison Counsel for the Class.

## CONCLUSION

For the reasons stated above, Union respectfully requests that the Court: (i) appoint Union as Lead Plaintiff; (ii) approve Union's selection of Bernstein Litowitz as Lead Counsel and McKool Smith as Liaison Counsel for the Class; and (iii) grant any further relief as the Court may deem just and proper.

DATED: April 28, 2020

Respectfully submitted,

**McKOOL SMITH PC**

*/s/ Lewis T. LeClair*
Lewis T. LeClair
Texas Bar No. 12072500
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Tel: (214) 978-4000
Fax: (214) 978-4044
lleclair@mckoolsmith.com

*Proposed Liaison Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**

Gerald H. Silk
Mark Lebovitch
Avi Josefson
1251 Avenue of the Americas
New York, New York 10020

Tel: (212) 554-1400
Fax: (212) 554-1444
jerry@blbglaw.com
markl@blbglaw.com
avi@blbglaw.com

*Counsel for Proposed Lead Plaintiff Union Asset Management Holding AG and Proposed Lead Counsel for the Class*

10

## **CERTIFICATE OF SERVICE**

I certify that on April 28, 2020, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Lewis T. LeClair*
Lewis T. LeClair